Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered March 14, 2011, which, granted nonparty law firm Jeffrey A. Aronsky, EC.’s (Aronsky) motion to the extent of granting Aronsky leave to place a lien against the action, and denied the motion insofar as it sought an order enforcing a purported settlement and setting Aronsky’s fee accordingly, affirmed, without costs.
The issue that divides this panel is whether this action has been settled. Aronsky, plaintiffs outgoing attorney, commenced this personal injury action on plaintiffs behalf on August 25, 2010. By letter to Aronsky dated October 1, 2010, defendant’s carrier tendered its $1 million policy limits for purposes of settlement. Aronsky explained the proposal to plaintiff who, at that time, chose to accept the settlement. Accordingly, plaintiff executed a general release on October 5, 2010 and a hold harmless agreement on October 12, 2010. Aronsky advised plaintiff that he would hold the release pending receipt of defendant’s affidavit of no excess insurance and advice from plaintiff as to whether she preferred to have the settlement structured.
By December 9, 2010, plaintiff had retained new counsel, Kenneth A. Wilhelm, Esq. On that date, Wilhelm advised Aronsky that plaintiff did not wish to settle the case or have the release sent to defendant. Aronsky moved the court below for an order enforcing what he contended was a $1 million settlement and setting his firm’s contingency fee at one-third of the recovery pursuant to plaintiffs retainer agreement. In making his motion, Aronsky did not allege that acceptance of the offer was ever communicated to defendant or its carrier. This omission is fatal to Aronsky’s claim of a settlement for reasons that follow. Aronsky maintained that “plaintiffs signing of the General Release constituted a binding legal contract.” The court denied the motion and vacated the release in what it perceived to be the interest of justice.
Although the motion court incorrectly invoked the interest of justice, the application of contract law nevertheless required the denial of Aronsky’s motion. “[A] general release is governed by principles of contract law” (Mangini v McClurg, 24 NY2d 556, *452 562 [1969]). Citing White v Corlies (46 NY 467, 469-470 [1871]), this Court has held that “it is essential in any bilateral contract that the fact of acceptance be communicated to the offeror” (Agricultural Ins. Co. v Matthews, 301 AD2d 257, 259 [1st Dept 2002]; see also D’Agostino Gen. Contrs. v Steve Gen. Contr., 267 AD2d 1059 [4th Dept 1999]; Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d 712, 714 [2d Dept 1980], affd 54 NY2d 742 [1981]). Therefore, this action was not settled because the executed release was never forwarded to defendant nor was acceptance of the offer otherwise communicated to defendant or its carrier. This record does not contain a single affidavit by anyone asserting that either occurred. Although the dissent posits that a settlement was effected despite the lack of delivery or filing of the release, it avoids discussion of the critical absence of any claim that plaintiffs acceptance of the offer was ever communicated to defendant (see id.). We do not share the dissent’s view that an October 6, 2010 letter from defendant’s counsel to Aronsky “evidenced” an agreement to settle.* Defense counsel’s statement in the letter that he was “advised” of a settlement does not suffice as evidence that such a settlement was effected. Moreover, the letter is devoid of probative value because it is unsworn (see e.g. Yonkers Ave. Dodge, Inc. v BZ Results, LLC, 95 AD3d 774, 775 [1st Dept 2012]). The dissent misplaces its reliance on Calavano v New York City Health & Hosps. Corp. (246 AD2d 317 [1st Dept 1998]) which it cites for the proposition that plaintiff was bound by the release despite the fact that it was never delivered or filed. Calavano lends no support to the dissent’s conclusion because in that case the plaintiff was held to be bound by a stipulation of settlement and a general release *453 which he signed and which “were then sent to defendants for a mutual release” (id. at 318). Because there has been no settlement, the amount of Aronsky’s fee should be determined upon the disposition of this action in the manner prescribed by Matter of Cohen v Grainger, Tesoriero & Bell (81 NY2d 655 [1993]).
*452 “This firm has been retained by National Casualty company to represent the interests of its insured with regard to the above matter. We have been advised that National Casualty Company, on behalf of its insured, has offered the limits of its liability policy ($1 million) for the settlement of this action. We have been advised that plaintiff has accepted the offer.
“We request that you provide the undersigned with a Stipulation of Discontinuance with prejudice, General Release and a copy of your law firm’s W-9 Statement. Additionally, we have drafted a Hold Harmless Agreement for signature of the plaintiff. Please review the document and contact the undersigned if you feel changes are required.
“In conclusion, kindly advise the undersigned of instructions regarding payees on the settlement draft. We are in the process of obtaining the affidavit of no excess coverage from the insured. We will forward this to you as soon as possible.”
*453 Like the dissent, we see no need for a hearing to determine whether Aronsky was discharged for cause. The record discloses that plaintiff has not made a prima facie showing of any cause for Aronsky’s discharge. Plaintiff stated in her affidavit that she signed the release and hold harmless affidavit because she felt “pressured” to do so. Plaintiff made no mention of what the pressure consisted of or, more importantly, what professional misconduct, if any, brought it about. To be sure, a hearing was not warranted by plaintiffs untenable argument that Aronsky disobeyed her instructions by making the instant motion albeit after he had already been discharged as her attorney. Also, we do not disturb the motion court’s determination that Aronsky is entitled to a lien on plaintiffs recovery inasmuch as his charging lien automatically came into existence upon the commencement of this action (see Resnick v Resnick, 24 AD3d 238 [1st Dept 2005]). Concur—Tom, J.P., Renwick, DeGrasse and AbdusSalaam, JJ.

 The full text of the letter reads as follows: